IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Ricardo Fishburne, | ) | |
| | ) | C/A No. 8:13-2453-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael McCall, Warden of | ) | |
| Lee Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Ricardo Fishburne, a state prisoner proceeding *pro se*, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge Jacquelyn D Austin[1] Magistrate Judge Austin finds the petition is successive and recommends that the court dismiss the petition without prejudice and without requiring Respondent to file an answer or return. (ECF NO. 13). Petitioner has filed objections. (ECF No. 16).[2]

The Report has no presumptive weight and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate

---

[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 for the District of South Carolina, this matter was initially referred to a magistrate judge.

[2] Objections to the Report were due by October 15, 2013. The court notes that Petitioner's objections were stamped as having been received by the Lee Correctional Institute mailroom on October 17, 2013. (ECF No. 16-1). However, the objections were purportedly signed by Petitioner on October 9, 2013. (ECF No. 16 at 2). Giving Petitioner the benefit of the doubt, the court will construe his objections as timely.

judge. *See id.*

The Magistrate Judge recommends dismissing Petitioner's petition without requiring Respondent to file a return, concluding that the petition was successive and that Petitioner failed to obtain authorization from the Fourth Circuit.  In his objections, Petitioner contends that he is awaiting a decision on a Rule 59(e) motion currently pending before the state post-conviction relief court.  He also asks this court to view his petition as an "Emergency Writ."  (ECF No. 16).  As noted above, the court may only consider objections to the Report that direct this court to a specific error.  *See* Fed.R.Civ.P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir.1984).

The Magistrate Judge is correct in her opinion that this petition under § 2254 is successive.  It is well settled that habeas corpus petitions submitted subsequent to a dismissal of a previous petition with prejudice for lack of prosecution will be considered successive. *Latimaer v. Warden*, C/A No. 6:10-721-JFA-WMC, 2010 WL 2720964, *3 (D.S.C. July 8, 2010).  *See also* Fed.R.Civ.P. 41(b) (unless otherwise specifically stated, dismissal for failure to prosecute is with prejudice); *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits.").  And as the petitioner has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition, this court is without authority to entertain it. 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *United States v. Winestock,* 340 F.3d

200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").[3]

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation (ECF No. 13) and incorporates it herein. Therefore, Petitioner's habeas petition is **DISMISSED** without prejudice and without requiring Respondent to file an answer or return.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/ Timothy M. Cain
United States District Judge

Anderson, South Carolina
October 28, 2013

---

[3] Further, this court lacks the authority to grant leave to obtain authorization. Only a circuit court is authorized to determine whether a successive petition should be heard. *See* 28 U.S.C. § 2244(b)(3)(A).